| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

CASE NO.: **2:14-cv-08939 SJO**  DATE: **October 5, 2015**
**2:13-bk-26483 NB**  Adversary Case: 2:14-ap-1484 NB
BAP Case: cc-14-01434
TITLE: **In re Saeed Cohen**

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**       **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER VACATING BANKRUPTCY COURT'S ORDER GRANTING APPELLEE'S APPLICATION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on the appeal by Appellant Fariba Cohen ("Fariba" or "Appellant") of the United States Bankruptcy Court for the Central District of California, Los Angeles Divison's (the "Bankruptcy Court") Order on Debtor's Application for Preliminary Injunction ("Injunction Order") granting Debtor-Appellee Saeed Cohen's ("Saeed" or "Appellee") Application for Preliminary Injunction ("Application") in case number BK 13-26483 NB.  Fariba filed her Opening Brief ("Brief") on February 22, 2015.  (ECF No. 21.)  Saeed filed an Answering Brief in opposition ("Opposition") on March 11, 2015 (ECF No. 22), and Fariba replied ("Reply") on March 25, 2015. (ECF No. 29).  For the following reasons, the Court **VACATES** the Bankruptcy Court's Order granting Appellee's Preliminary Injunction and **REMANDS** for further proceedings consistent with this Order.

I.     PROCEDURAL AND FACTUAL BACKGROUND

On October 27, 2008, Fariba filed a Petition for Dissolution of Marriage in the Superior Court of the State of California for the County of Los Angeles ("State Court").  (R. at Tab 8, 322)[1]  In or around July 2010, after an unsuccessful attempt to reconcile, Fariba filed an Order to Show Cause ("OSC") requesting the State Court to issue orders, including but not limited to orders for child support, spousal support, attorneys' fees, and costs.  (R. at Tab 8, 322.)

On or around March 1, 2012, Fariba and Saeed negotiated and signed an Agreement to Resolve the Issues Raised by [Fariba]'s Order to Show Cause Filed December 1, 2011 (the "Family Court Order" or "FCO").  (R. at Tab 8, 373.)  The State Court signed and entered the FCO on March 1,

---

[1] Citations to the multi-volume appellate record are designated as "R. at Tab [X], [Y]" where "[X]" is the tab number and "[Y]" is the page number associated with the four-volume Appendix (Excerpts of Record) filed by Appellant with her Opening Brief.  (ECF No. 21.)

Case 2:14-cv-08939-SJO Document 30 Filed 10/05/15 Page 2 of 11 Page ID #:879

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CIVIL MINUTES - GENERAL

CASE NO.:   2:14-cv-08939 SJO                        DATE:  October 5, 2015
            2:13-bk-26483 NB

2012.  (R. at Tab 8, 378.)  The FCO provides, in pertinent part:  (1) Saeed's salary "of $100,000 per month from the parties' community business, Amp Plus, Inc., dba Elco Lighting" ("Amp Plus"); (2) *pendente lite* domestic support, including child support payable monthly to Fariba in the amount of $9,875 per month and spousal support payable to Fariba in the amount of $20,988; and (3) division of Amp Plus' pre-tax net operating income on a monthly basis.  (R. at Tab 8, 373-374.)

On June 25, 2013, Saeed filed a voluntary individual bankruptcy petition under Chapter 11 of 11 U.S.C. sections 101 *et seq.* in the Bankruptcy Court.  (R. at Tab 4, 117.)  The parties do not dispute the following facts:  First, that Saeed remains a debtor in possession of his bankruptcy estate pursuant to 11 U.S.C. sections 1107 and 1108. (Opp'n 3.)  Second, Fariba and Saeed remain married, as the filing of the bankruptcy petition stayed trial in the State Court divorce proceedings. (Br. 8.)  Third, because Fariba and Saeed remain married, their marital assets have not yet been divided. (Opp'n 3-4.)  Finally, when Saeed filed his bankruptcy petition, "nearly all of the marital assets became property of [Saeed's] bankruptcy estate" pursuant to 11 U.S.C. section 541(a)(2). (Opp'n 4.)

On or about March 19, 2014, Fariba filed a Request for Order (R. at Tab 8, 307) and a Memorandum of Points and Authorities in support thereof (R. at Tab 8, 313) (collectively the "Support Application") in the State Court seeking to clarify whether the FCO was, in its entirety, intended to be "in the nature of support."  (R. at Tab 8, 313.)  Fariba argues that the FCO was "intended to be a support order which adjusted based on the amount of income under the Debtor's control." (Br. 9.)  Saeed responds that the FCO instead "represented an advance distribution of their community property." (Br. 9.)

In response to the Support Application, on July 17, 2014, Saeed filed a Complaint against Fariba in the Bankruptcy Court (the "Adversary Proceeding"), alleging that the Support Application violated the automatic stay provisions of 11 U.S.C. section 362.  (R. at Tab 4, 116.)  On July 29, 2014, Saeed filed the Application asking the Bankruptcy Court to issue a preliminary injunction staying the Support Application.  (R. at Tab 5, 150.)

On August 5, 2014, Fariba filed an Opposition to the Application.  (R. at Tab 7, 288.)  On August 20, 2014, the Bankruptcy Court issued the Injunction Order and an accompanying memorandum granting Saeed's Application (R. at Tab 1, 1; Tab 2, 3.)  The Bankruptcy Court determined that

> [based on [the Bankruptcy Court's] examination of the record . . . including most importantly the terms of the [FCO], the apparent insolvency of the bankruptcy estate, and the parties' history of running up truly astronomical attorney fees at the expense of not paying their creditors, any attempt to increase [Fariba's] 'support' above its current level . . . could never qualify as a 'domestic support obligation.'

Case 2:14-cv-08939-SJO Document 30 Filed 10/05/15 Page 3 of 11 Page ID #:880

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   2:14-cv-08939 SJO
            2:13-bk-26483 NB

DATE: October 5, 2015

(R. at Tab 2, 7.)  The Bankruptcy Court accordingly held that the Support Application "violates the automatic stay of 11 U.S.C. 362(a)(3)," and that Fariba is "subject to a preliminary injunction against further prosecution of that application."  (R. at Tab 1, 1.)

Fariba filed a Notice of Appeal in the Bankruptcy Court on September 3, 2014, which was subsequently filed in this Court on November 19, 2014.  (*See generally* Notice of Appeal, ECF No. 2.)

II.     ISSUES ON APPEAL

Fariba asks the Court to determine the following four issues:

>  1.  Whether the Bankruptcy Court erred in determining that Fariba's March, 2014 State Court Support Application seeking clarification of the FCO was not excepted from the automatic stay by virtue of 11 U.S.C. § 362(b)(2)(A)(ii);
>  2.  Whether the Bankruptcy Court erred as a matter of law in determining that §362(a)(3) applied to the Support Application;
>  3.  Whether the Bankruptcy Court ran afoul of the Anti-Injunction Act when it enjoined the Support Application; and
>  4.  Whether the Bankruptcy Court erred in construing 11 U.S.C. § 105 as a source of authority for enjoining the Support Application.

(Br. 6.)

III.    STANDARD OF REVIEW

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal."  *In re Rios*, No. 12-CV-01037-CAS, 2015 WL 1728307, *1 (C.D. Cal. April 14, 2015) (citing *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)).  Questions of law are reviewed de novo.  *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998) (citing *In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997)).  Specifically, "[w]hether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo."  *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002) (citing *In re Del Mission Ltd.*, 98 F.3d 1147, 1150 (9th Cir. 1996)).

Findings of fact, however, are reviewed under the clearly erroneous standard.  *In re Chang*, 163 F.3d at 1140.  "[T]he question whether a debt meets the statutory requirement for being in the nature of support is a factual determination of the bankruptcy court, and as such is subject to reversal only if clearly erroneous."  *In re Maddigan*, 312 F.3d 589, 595 (2d Cir. 2002) (citation omitted).

Case 2:14-cv-08939-SJO Document 30 Filed 10/05/15 Page 4 of 11 Page ID #:881

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   2:14-cv-08939 SJO
            2:13-bk-26483 NB

DATE:  October 5, 2015

"A mixed question of law and fact occurs when the historical facts are established; the rule of law is undisputed, . . . and the issue is whether the facts satisfy the legal rule." *In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997) (citations omitted). "Mixed questions presumptively are reviewed by [the appellate court] de novo because they require consideration of legal concepts and the exercise of judgment about the values that animate legal principles." *Id.*

IV.   **DISCUSSION**

    A.   **Jurisdiction**

District courts have jurisdiction to hear appeals of final orders from the Bankruptcy Court. 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees."). The instant appeal arises from the Bankruptcy Court's August 20, 2014 Order on Debtor's Application for Preliminary Injunction. (R. at Tab 1, 1.) Appellant gave timely notice of appeal on September 3, 2014. (R. at 10, 457-62.) The appeal was originally opened on September 4, 2014, as Case No. 14-1434, pending before the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") pursuant to 28 U.S.C. section 158(c)(1) and Rules 8001 *et seq.* of the Federal Rules of Bankruptcy Procedure. *See Fariba Cohen v. Saeed Cohen*, No. 14-1434, ECF No. 1 (B.A.P. 9th Cir. Sept. 4, 2014). On September 19, 2014, Appellee invoked 28 U.S.C. section 158(c)(1)(B) and Rule 8005 of the Federal Rules of Bankruptcy Procedure to transfer the appeal to this Court. *Fariba Cohen v. Saeed Cohen*, No. 14-1434, ECF No. 9 (B.A.P. 9th Cir. Sept. 19, 2014). Appellee invoked of 28 U.S.C. section 158(c)(1)(B) within thirty days of service of notice of the appeal, and therefore The Court therefore has jurisdiction over the instant appeal.

    B.   **Automatic Stay**

        1.   **Legal Standard**

A voluntary bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" pursuant to 11 U.S.C. section 362 ("Section 362"). 11 U.S.C. § 362(a)(3). The stay operates automatically (hereinafter the "automatic stay") upon a party's filing of a voluntary bankruptcy petition pursuant to 11 U.S.C. section 301. 11 U.S.C. § 362(a).
The Bankruptcy Code provides an exception to the automatic stay (hereinafter the "Support Exception") for "the commencement or continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligations." 11 U.S.C. § 362(b)(2)(A)(ii).

Case 2:14-cv-08939-SJO Document 30 Filed 10/05/15 Page 5 of 11 Page ID #:882

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|
| | **CIVIL MINUTES - GENERAL** | |

| CASE NO.: | 2:14-cv-08939 SJO<br>2:13-bk-26483 NB | DATE: | October 5, 2015 |
|---|---|---|---|

Where an act fits within the Support Exception, "[r]elief from the automatic stay as to [that act] is not a matter of right; it is not necessary because no stay arises." *In re Secrest*, 453 B.R. 623, 627 (Bankr. E.D. Va. 2011) ("The enumerated matters [in Section 362(b)(2)] are not within the scope of § 362(a) and are not stayed upon the filing of a petition in bankruptcy.") Further, "[Section 362(b)(2)] includes or addresses almost every aspect of domestic relations practice." *In re Secrest*, 453 B.R. at 627.

"Section 362(b)(2)(A)(ii) was added to the bankruptcy code in 1994 . . . to 'provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse or child of a debtor in bankruptcy.'" *Allen v. Allen*, 275 F.3d 1160, 1163 (9th Cir. 2002) (citing H.R. Rep. No. 103-835, at 54 (1994), reprinted in 1994 U.S.C.C.A.N. 3363). A corollary of Section 362(b)(2)(A)(ii) is that "a debtor should not use the protection of a bankruptcy filing in order to avoid legitimate marital and child support obligations." *Id.* In 2005, Congress replaced the reference in Section 362(b)(2)(A)(ii) to "alimony, maintenance or support" with "domestic support obligations." H.R. Rep. 109-31(I), 61, 2005 U.S.C.C.A.N. 88, 130. "Domestic support obligations" are defined by the Bankruptcy Code as a

> debt that accrues before, on, or after the date of the order for relief in a case under this title . . . owed to or recoverable by a spouse, former spouse, or child of the debtor . . . in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor . . . without regard to whether such debt is expressly so designated, established or subject to establishment before, on, or after the date of the order for relief in a case under this title. . . .

11 U.S.C. § 101(14A). The support exception is "consistent with [the Ninth Circuit's] prior precedent counseling 'bankruptcy courts to avoid incursions into family law matters. . . .'" *Allen*, 275 F.3d at 1163 (quoting *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) (affirming bankruptcy court's grant of relief from stay to pursue modification of spousal support action)). The Ninth Circuit Court of Appeal in *Mac Donald* stated "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of . . . deference to our state court brethren and their established expertise in such matters.'" 755 F.2d at 717 (quoting *In re Graham*, 14 B.R. 246, 248 (Bankr. W.D. Ky. 1981).

      2.    <u>Analysis</u>

Fariba sought clarification of the FCO through her Support Application because "the [FCO] is relevant to the amount of domestic support payable to her under Bankruptcy Code §§ 507(a)(1), 1129(a)(7)(A)(ii), 1129(a)(9)(B) and 1129(a)(14)." (Br. 13-14.)

Case 2:14-cv-08939-SJO Document 30 Filed 10/05/15 Page 6 of 11 Page ID #:883

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: 2:14-cv-08939 SJO
2:13-bk-26483 NB

DATE: October 5, 2015

The Bankruptcy Court stated in the Injunction Order that "the automatic stay applies, and the exception in 11 U.S.C. § 362(b)(2)(A)(ii) does not apply." (R. at Tab 2, 8.) Noting that pursuant to 11 U.S.C. section 101(14A)(B) a "domestic support obligation" must be "a debt . . . in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated," the Bankruptcy Court determined that Fariba's Support Application was "in reality an attempt to obtain possession or control of bankruptcy estate property." (R. at Tab 2, 6 (citing 11 U.S.C. section 101(14A)(B)).)

Fariba contends that Section 362(b)(2)(A)(ii) confers upon her "an unfettered right" to "have her underlying support claims determined by a court with expertise in the area, applying mandated state law support standards and analyses." (Br. 16, 18.)

Saeed responds that the Support Application does not fall within the Support Exception to the automatic stay, and as such, the Support Application violated the automatic stay. (Opp'n 9.) Saeed argues that the "scope of the protections embodied in the automatic stay is quite broad" and that exceptions to the automatic stay "should be read narrowly." *Eskanos & Alder, P.C v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002); *In re Stringer*, 847 F.2d 549, 552 (9th Cir. 1988). Saeed further argues that the Support Application "does not seek to establish or modify existing support." (Opp'n 10.) This argument is based largely on a technical reading of the Support Application. Saeed directs the court to the caption of the Support Application (R. at Tab 4, 139) and to the second page of the Support Application (R. at Tab 4, 140), on which Fariba did not "check box[es] that [provide] a Request for Order of 'Modification.'" (Opp'n 10.) This argument is unavailing. While Fariba did not check the boxes that would explicitly denote that the Support Application was intended to modify an existing order, a review of the Support Application reveals that she did check box number 8, directing the Court to examine Attachment 8 to the Support Application. (R. at Tab 4, 141, 143.) Included in Attachment 8 is Fariba's request that "[a] finding or Order be made which provides that the entirety of the Order entered on March 1, 2012 is in the nature of a support Order." (R. at Tab 4, 143.) The language of Attachment 8 makes clear that the Support Application was intended to establish that the language in the FCO was intended by the parties or by the State Court to be in the nature of a support order, or in the alternative to modify the FCO to reflect that intention. Furthermore, Saeed fails to present any support for the proposition that this Court should be bound by the boxes checked or unchecked on the caption to the Support Application rather than the language of the Support Application itself. The Court declines to follow such a formalistic suggestion.

Saeed also argues that the cases cited by Fariba are factually and legally distinguishable from the instant record, and as such do not support Fariba's contention that the Support Application falls within the Support Exception. (Opp'n 13-15.) Again, this argument is unavailing. Saeed attempts to distinguish *In re Mac Donald*, where a former spouse moving for relief from the automatic stay sought to modify a final judgment from the family court. (Opp'n 14.) Saeed points out that in this

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
|---|---|---|

| CASE NO.: | 2:14-cv-08939 SJO<br>2:13-bk-26483 NB | DATE: | October 5, 2015 |
|---|---|---|---|

case there has not yet been a final judgment regarding Fariba's and Saeed's dissolution of marriage proceeding, and that *In re Mac Donald* is therefore inapplicable. The law as it pertains to the Support Application, however, does not turn on the finality of the judgment, nor on the timing of the Support Application's filing. 11 U.S.C. 101 (14A) ("The term 'domestic support obligation' means a debt . . . that accrues before, on, or after the date of the order for relief in a [bankruptcy proceeding] . . . established or subject to establishment before, on, or after the date of the order for relief in a [bankruptcy proceeding], by reason of . . . an order of a court of record."). When read together with Section 101, the Support Exception of Section 362(b) explicitly excepts from the automatic stay actions taken to establish or modify orders for domestic support obligations without regard to timing or finality of the order or judgment. Saeed attempts to distinguish additional cases on the basis of the Bankruptcy Court's jurisdiction to determine whether the order was in the nature of a domestic support obligation. (Opp'n 14-15.) Those arguments are discussed below.

The Court therefore agrees with Fariba that the Support Application falls within the Support Exception to the automatic stay. On August 19, 2014, during a hearing on the Adversary Proceeding in the Bankruptcy Court, the Bankruptcy Court recognized that on a plain-language reading of the Support Exception, the automatic stay "might not apply" to the Support Application. (R. at Tab 3, 92.) The Bankruptcy Court additionally recognized that the Support Application is "within the ambit of what Congress was talking about" when Congress enacted the Support Exception to give greater protection to a spouse of a debtor in bankruptcy. (R. at Tab 3, 92.) In light of a plain-language reading of 11 U.S.C. §§ 101(14A), 362(a) and (b), Ninth Circuit precedent discussed above,[2] and Congress's unequivocal intent in enacting the Support Exception to "provide greater protection for . . . support obligations," the Support Application here is excepted from the automatic stay triggered by Section 362(a).

  C. <u>The Bankruptcy Court's Jurisdiction to Determine the Nature of the FCO</u>

    i. <u>Legal Standard</u>

Notwithstanding the Support Exception to the automatic stay, a bankruptcy court has "exlcusive jurisdiction to determine what is or is not a domestic support obligation." (R. at Tab 2, 6). "Although state court decisions are to be regarded with deference, 'bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement. . . .'" *In re Goin*, 808 F.2d 1391, 1392 (10th Cir. 1987) (quoting *In re Williams*, 703 F.2d 1055, 1057 (8th Cir. 1983)).

---

  [2] Ninth Circuit policy favors Bankruptcy Courts "avoid[ing] incursions into family law matters." *Allen*, 275 F.3d at 1163.

| MINUTES FORM 11<br>CIVIL GEN | Page 7 of 11 | ___ : ___<br>Initials of Preparer _____ |
|---|---|---|

JS-6  Case 2:14-cv-08939-SJO   Document 30   Filed 10/05/15   Page 8 of 11   Page ID #:885

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  2:14-cv-08939 SJO
           2:13-bk-26483 NB

DATE: October 5, 2015

> [A] bankruptcy court is not bound by the state court's treatment of a divorce obligation when determining whether a debt is in the nature of support. Instead, this determination is governed by federal bankruptcy law, looking to the substance of the debt rather than the label it has been given.

*In re King*, 461 B.R. 789, 793 (Bankr. D. Alaska 2010) (citing *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984). The Bankruptcy Court appropriately recognized that the determination is entrusted in bankruptcy courts because "all too often what might be characterized by one or more parties or even by nonbankruptcy law as a claim for 'support' is in reality (for bankruptcy purposes) a division of property in the marital estate (or vice versa)." (R. at Tab 2, 6.)

Property, for the purposes of the Bankruptcy Code, includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property also includes income "acquire[d] after the commencement of the case but before the case is closed." 11 U.S.C. § 1115.

"If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called property settlement is intended for support when the circumstances of the case indicate that the recipient spouse needs support." *Shaver*, 736 F.2d at 1316 (citation omitted). "In order to determine whether a debt is a nondischargeable spousal support obligation or a dischargeable property settlement, the court must ascertain the intention of the parties at the time they entered in their stipulation agreement . . . and not the current circumstances of the parties." *In re Combs*, 101 B.R. 609, 615 (B.A.P. 9th Cir. 1989) (internal citations omitted).

Bankruptcy Courts in the Ninth Circuit have looked to several non-exclusive factors in order to "determine the intent of the parties of an ambiguous divorce decree." *In re Combs*, 101 B.R. at 616. These factors include, but are not limited to (1) the label given to the payments, (2) the context or location of the disputed provision in the order, and (3) whether a lump sum or periodic monthly payments were provided for. *Id.* Further, "[a] relevant factor for the bankruptcy court to consider when making this determination is how the particular state law characterizes the debt." *In re Chang*, 163 F.3d at 1140 (9th Cir. 1998) (citing *In re Catlow*, 663 F.2d 960, 962-63 (9th Cir. 1981)).

    ii.    <u>Analysis</u>

The determination of whether the division of Amp Plus' profits is in the nature of a domestic support obligation is important because a claim for a domestic support obligation is afforded first priority to the bankruptcy estate. *See* 11 U.S.C. § 507(a)(1)(A). An interest in marital property that is part of the estate, by contrast, would be subordinate to the interests of other creditors. *See* 11 U.S.C. §§ 507, 726.

Case 2:14-cv-08939-SJO Document 30 Filed 10/05/15 Page 9 of 11 Page ID #:886

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   2:14-cv-08939 SJO            DATE:  October 5, 2015
            2:13-bk-26483 NB

Saeed contends that the "commencement of his Chapter 11 bankruptcy case divested the state court of its jurisdiction over the marital property in the Divorce Proceeding as a matter of law." (Opp'n 15.) Indeed, the parties do not dispute that the bankruptcy court has "exclusive jurisdiction over the couple's community property." (Reply 9.) This is because "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. 1334(e).

Agreeing with the Bankruptcy Court's conclusion that the Support Application is in fact a "property grab" or an attempt to establish an interest in property of the estate rather than a domestic support obligation within the meaning of 11 U.S.C. section 101(14A), Saeed argues that the Support Exception cannot apply to the Support Application. (Opp'n 16-17.) Therefore, the argument continues, the automatic stay should continue to apply, and the Bankruptcy Court's Injunction Order is valid. (Opp'n 15-17.)

Saeed further argues that *In re Teel* "makes clear that in this context, the bankruptcy court has exclusive jurisdiction" over the property of the estate. (Opp'n 18 n. 18. (citing 34 B.R. 762, 764 (B.A.P. 9th Cir. 1983)).) Fariba correctly points out, however, that *Teel* was decided in 1983, over a decade before Congress enacted the Support Exception, and is therefore inapplicable. (Reply 8.)

Fariba concedes that "[c]ommunity property is property of the estate. Therefore, the Bankruptcy court has exclusive *in rem* jurisdiction over such property." (Reply 9.) Fariba argues, however, that assuming this Court vacates the Bankruptcy Court's injunction and the State Court is thus permitted to adjudicate the Support Application, "[w]hat the Bankruptcy Court chooses to do with the record the Support Application eventually generates will ultimately be up to the Bankruptcy Court." (Br. 17.)

If one were to read *Teel*, *King* (discussed above), and 28 U.S.C. section 1334(e) together in a vacuum, these authorities would suggest that the Bankruptcy Court has unfettered discretion to make determinations about the nature of the FCO. Such an expansive reading is impermissible. As noted above, *Teel* was decided before the enactment of the Support Exception. Moreover, *King*, while decided after the Support Exception was enacted, addressed the Bankruptcy Court's jurisdiction to make such determination in a case where the automatic stay and the enumerated exceptions were not at issue. The Bankruptcy Courts' jurisdiction must be viewed in light of the Support Exception. There is conflict, then, between the Bankruptcy Code's provision for the Bankruptcy Court's jurisdiction to determine the nature of domestic support obligations and the Code's deference to state courts' expertise in settling domestic support matters.

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  2:14-cv-08939 SJO                         DATE:  October 5, 2015
                    2:13-bk-26483 NB

As noted above, where a support agreement does not explicitly provide for spousal support, courts may look to the substance of the debt to determine the nature of the debt and the intention of the parties.  *Shaver*, 736 F.2d at 1316.  By requesting that the State Court find that the FCO was, in its entirety, in the nature of a support order, the Support Application is clearly intended to establish or modify an order for a domestic support obligation.  Should the State Court determine that the FCO was in the nature of a support Order, the Bankruptcy Court must "avoid incursions into family law matters" and consider the State Court's determination as a factor when evaluating whether the FCO was truly a domestic support obligation.  *Allen*, 275 F.3d at 1163;  *In re Chang*, 163 F.3d at 1140.

In sum, the Court agrees with Fariba that "[u]nder 28 U.S.C. § 1334(b), [the Bankruptcy Court's] jurisdiction over 'civil proceedings arising under title 11, or arising in or related to a case under title 11' is 'original but not exclusive.'  The statutory scheme contemplates that pieces of litigation related to the bankruptcy can move forward in other fora (and they do), and through the Support Exception it specifically contemplates that Appellant's Support Application should move forward in state court." (Reply 9.)[3]  Accordingly, the Court **VACATES** the Bankruptcy Court's Order granting Saeed's Application for Preliminary Injunction and **REMANDS** for further proceedings consistent with this Order.

V.     RULING

For the foregoing reasons, the Court **VACATES** the Bankruptcy Court's Order granting Saeed's Application for Preliminary Injunction and **REMANDS** for further proceedings consistent with this Order.  The automatic stay triggered by 28 U.S.C. section 362(a) does not prohibit Fariba from filing the Request for Order to seek clarification about the FCO, as the Request for Order falls within the exception provided in 28 U.S.C. section 362(b)(2)(ii).  Because the Court has determined that the automatic stay does not apply to the Support Application and vacates the injunction, the Court does not reach the issues of whether the Bankruptcy Court infringed the Anti-Injunction Act or whether 11 U.S.C. § 105 provides authority for enjoining the Support Application.

IT IS SO ORDERED.

---

[3]  The Court agrees with the Bankruptcy Court that should the State Court determine that the FCO is intended as a domestic support obligation, "[further proceedings] would be a waste of time and resources for both Ms. Cohen and the bankruptcy estate. . . ." (ER 1, 48-49.)  The Court believes, however, that by enacting the Support Exception, Congress intended that a spouse in Fariba's position have the opportunity for her claim to be heard in State Court.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

CASE NO.:   2:14-cv-08939 SJO            DATE:  October 5, 2015
            2:13-bk-26483 NB